# KRIEGER KIM & LEWIN LLP

350 Fifth Avenue, 77th Floor Telephone: (212) 390-9550
New York, NY 10118 www.KKLllp.com

August 18, 2023

<u>By ECF</u>

The Honorable Michael A. Hammer
United States Magistrate Judge
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

 Re: *United States v. Scanlon*, 23 Mag. 10168 (MAH)

Dear Judge Hammer,

 Please accept this letter in lieu of a formal motion on behalf of Defendant Christopher James Scanlon. We write to respectfully request a modification of Mr. Scanlon's bail conditions in light of the anticipated return of his wife and children to the United Kingdom, where his children are scheduled to begin school on Monday. Specifically, we ask that Mr. Scanlon's home detention with electronic monitoring be modified to a curfew without electronic monitoring so that Mr. Scanlon can provide for himself without his family's assistance. We also request that Mr. Scanlon be permitted to use computers with internet access in order to: (a) communicate with counsel and family; (b) order food, goods, and supplies to his home; and (c) work. A proposed order is enclosed for the Court's consideration.

 We understand that the government objects to our request, but that it would be amenable to a modification of Mr. Scanlon's home detention to allow for a pre-approved schedule for going to the grocery store and running household errands. Pretrial Services did not respond to our outreach this morning, but we understand that it previously conveyed to the government that it objects to downgrading Mr. Scanlon's home detention to a curfew.

 Mr. Scanlon is a U.S. citizen who, prior to his arrest in this case, resided in the United Kingdom with his wife and three children, aged five, eight, and twelve. Mr. Scanlon is the owner and principal of PMA Media Group, Inc. ("PMA"), a company whose subsidiaries include a U.K.-regulated e-money institution and a U.S.-regulated money services business. At the time of Mr. Scanlon's arrest, PMA served tens of thousands of customers and had approximately 150 employees. On May 25, 2023, Mr. Scanlon was arrested at the Miami airport after traveling to the United States to attend his sister's funeral. He is charged by complaint with conspiracy to operate an unlicensed money transmitting business based on allegations that his companies engaged in regulated activity in the United States before obtaining a U.S. license.

 Mr. Scanlon is presently out on bail pursuant to the following principal terms:

- $5,000,000 appearance bond with 20% secured and one co-signor;

- The surrender of all passports and travel documents;

- No contact with victims, witnesses, or clients and employees of Mr. Scanlon's businesses unless in the presence of counsel;

- Home detention with electronic monitoring;

- No possession or use of computers, except for pre-approved Court purposes including contact with defense counsel;[1]

- Travel restricted to the Middle District of Florida and District of New Jersey, unless otherwise approved by Pretrial Services;

- No employment in money transmitting businesses; and

- No engaging in financial transactions on behalf of, or through accounts associated with the money transmitting business, or conducting or directing others to engage in any financial transactions on behalf of the money transmitting business, including opening new accounts, except as permitted by the Court.

Mr. Scanlon has fully complied with all of these conditions.

     We respectfully request that Mr. Scanlon's home detention with electronic monitoring be modified to a curfew.  Since Mr. Scanlon was arrested and released on bail in May, he has lived with his wife and children in the Middle District of Florida.  Because of his bail conditions, he has relied on his wife to provide for household necessities.  However, Mr. Scanlon's wife and children need to return imminently to the United Kingdom so that the children can attend school, which is scheduled to begin on Monday.  Once his family departs, Mr. Scanlon will be living alone.  There will be no one else in his household to buy groceries, order meals, or obtain other household items.  Because Mr. Scanlon is barred from using computers, he will be unable to procure groceries, meals, or other necessities using apps or websites.  While Mr. Scanlon's current conditions do permit him to leave the home with the prior approval of Pretrial Services, the Middle District of Florida requires Mr. Scanlon to submit a proposed schedule for each week the Thursday prior, and any requested modifications to that schedule require at least three days' notice.  This process will be highly impractical (and unnecessarily burdensome for Pretrial Services) once Mr. Scanlon is the only member of his household.

     We also respectfully request that Mr. Scanlon's computer usage restriction be modified to allow him to use computers with internet access to: (a) communicate with counsel and family; (b) order food, goods, and supplies to his home; and (c) work.  Presently, Mr. Scanlon is

---

[1] Mr. Scanlon is also permitted to use computers with the consent of other residents.  However, once Mr. Scanlon's family returns to the United Kingdom, there will be no other residents in his household.

permitted only to use the computers of other members of his household.  Once his family departs, Mr. Scanlon will have no way to videoconference or review documents with counsel, nor will he have a means of videoconferencing with his family.  He currently relies on family members to order food and other household items.  In addition, Mr. Scanlon's conditions of release currently do not permit him to use computers for work-related purposes, which significantly impairs his ability to work in any field or industry.  The requested modification is necessary to allow Mr. Scanlon to prepare his defense, communicate with family, provide for himself and maintain his household, and pursue new employment.[2]

      We respectfully submit that Mr. Scanlon's conditions of release, with our requested modifications, are more than sufficient to satisfy the objectives of bail.  Mr. Scanlon has no intention of fleeing, has no prior criminal record, poses no danger to the community, and has and will continue to comply with all of his conditions of release.  Mr. Scanlon has been charged with conspiracy to operate an unlicensed money transmitting business, an offense that is administrative in nature and carries a maximum term of imprisonment of five years.  Any concern that Mr. Scanlon will engage in conduct related to the alleged offense while on bail is adequately addressed by his compliance to date and our proposed conditions.

      We thank the Court for its attention to this request.

Respectfully submitted,
KRIEGER KIM & LEWIN LLP

By: _____
Edward Y. Kim
Jonathan F. Bolz
Varun A. Gumaste

cc:    All counsel of record (via ECF)
       Pretrial Services (via email)

Encl.

---

[2] Mr. Scanlon intends to start a new business providing artificial intelligence services to start-up, small-, and medium-sized businesses.  It will not be related to money transmitting.